```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINE GESWALDO and RACHEL GESWALDO,

                Plaintiffs,

-against-

MARK S. GOTTLIEB, CPA, and
MARK S. GOTTLIEB, PC,

                Defendants.

24 Civ. 2543 (AT) (SDA)

**ORDER ADOPTING**
**REPORT AND**
**RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiffs, Christine Geswaldo and Rachel Geswaldo, bring this action against Defendants, Mark S. Gottlieb, CPA ("CPA Gottlieb"), and Mark S. Gottlieb, PC, asserting claims for professional malpractice, breach of contract, and breach of fiduciary duty arising out of CPA Gottlieb's role as an expert witness for Plaintiffs in New Jersey state court. *See generally* Compl., ECF No. 1. Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to disqualify Plaintiffs' counsel, Michael Kimm, Esq. ("Attorney Kimm"), as a conflicted fact witness under Rule 3.7(a) of the New York Rules of Professional Conduct. *See generally* Mot., ECF No. 23. Pursuant to an order of reference, ECF No. 24, the Honorable Stewart D. Aaron issued a report (the "R&R") recommending that Defendants' motion to dismiss be granted and that Plaintiffs be granted leave to amend their complaint, R&R at 22, ECF No. 51. Judge Aaron denied, without prejudice, Defendants' motion to disqualify. *Id.* Before the Court are Plaintiffs' timely objections to the R&R.[1] Objs., ECF No. 56; *see also* Resp., ECF No. 57. For the reasons stated below, the Court

---

[1] Defendants argue that Plaintiffs' objections are untimely. Resp. at 4–5, ECF No. 57. On January 27, 2025, the day before objections to the R&R were due, Plaintiffs requested a "one-week extension to file a motion for reconsideration." ECF No. 52. Because any motion for reconsideration should properly be directed to Judge Aaron, the R&R's author, the Court denied the request without prejudice to renewal before Judge Aaron, and Judge Aaron

overrules Plaintiffs' objections and adopts the R&R in full.

## BACKGROUND[2]

I.  Factual Background

Plaintiffs were each one-third partners of Geswaldo Associates, a New Jersey partnership (the "Partnership"). Compl. ¶¶ 1–2, 8. The third partner was Plaintiffs' brother, George Geswaldo. *Id*. ¶ 5. George died in March 2017 and was survived by his wife, Joan Geswaldo. *Id*. ¶ 8.

After George's death, Plaintiffs brought claims alleging that George and Joan had embezzled money from the Partnership. *Id*. ¶¶ 8–9. In May 2017, Plaintiffs commenced an action in New Jersey Superior Court, claiming, *inter alia*, that George had mismanaged the Partnership's assets and engaged in self-dealing (the "May 2017 Action"). ECF No. 33 Ex. A at 4–5. That action was dismissed without prejudice. *Id*. at 5. Then, in October 2017, Plaintiffs commenced another action in New Jersey Superior Court, alleging, *inter alia*, that George and Joan had breached the Partnership agreement (the "October 2017 Action"). *See id*. That action was also dismissed without prejudice. *Id*.

In February 2019, pursuant to a Retainer Agreement, Plaintiffs hired CPA Gottlieb to serve as their damages expert. Compl. ¶ 11; *see also* Retainer Agreement, ECF No. 23-8. Plaintiffs paid a $7,500 retainer fee. Compl. ¶ 11. In May 2020, after the May 2017 and October 2017 actions had been dismissed, CPA Gottlieb began making an "initial loss table" to account for the alleged embezzlement. Compl. ¶ 15. In December 2020, Joan filed a complaint in New

---

granted the request. *See* ECF Nos. 54–55. On February 4, before the new deadline, Plaintiffs filed objections to the R&R. ECF No. 56. Given the lack of prejudice to Defendants, who responded to Plaintiffs' objections, ECF No. 57, the Court declines to reject the objections as untimely.

[2] The Court presumes familiarity with the facts and procedural history of this action as detailed in the R&R, *see* R&R at 4–8, and recites only the key facts and procedural details.

Jersey Superior Court, seeking to remove Plaintiffs from serving on behalf of the Partnership (the "2020 Action"). *See* ECF No. 33 Ex. A at 2. Plaintiffs asserted counterclaims for, *inter alia*, breach of the Partnership agreement and conversion. *See id*. at 16–17.

From January to July 2021, Attorney Kimm and CPA Gottlieb communicated regarding CPA Gottlieb's work for Plaintiffs. Compl. ¶ 16. In August 2021, CPA Gottlieb provided Plaintiffs with a report on their loss from the alleged embezzlement. *Id*. Attorney Kimm informed CPA Gottlieb that trial in the 2020 Action would be held from March 7 to 9, 2022, and that his appearance would be needed. *Id*. ¶¶ 18–19. CPA Gottlieb told Attorney Kim that, to appear at trial, he required a $5,000 advance payment. *Id*. ¶ 20. Plaintiffs sent a check in that amount to CPA Gottlieb on March 1, 2022, which he deposited. *Id*.

On March 7, 2022, Attorney Kimm emailed CPA Gottlieb notifying him that he was expected to appear at trial for his testimony the next day. *Id*. ¶ 22. The next morning, CPA Gottlieb informed Plaintiffs that he could not attend trial. *Id*. ¶ 24. Following trial, the New Jersey Superior Court found that Plaintiffs' counterclaims in the 2020 Action were barred by the applicable statute of limitations. *See* ECF No. 33 Ex. A at 17.

In April 2024, Plaintiffs brought this action against Defendants, asserting claims for professional malpractice, breach of contract, and breach of fiduciary duty arising out of CPA Gottlieb's failure to appear at trial. *See generally* Compl.

II.     The R&R

The R&R recommends that Plaintiffs' claims be dismissed without prejudice. *See* R&R at 9–19. First, Judge Aaron recommended that Plaintiffs' professional malpractice claim be dismissed because Plaintiffs have not plausibly "alleged actual damages resulting from CPA Gottlieb's alleged malpractice." *Id*. at 11. Judge Aaron noted that Plaintiffs' complaint does not

allege "how the outcome [of the trial] would have been different with CPA Gottlieb's testimony," a necessary showing for a professional malpractice claim. *Id*. at 12. Rather, Judge Aaron stated, the complaint "only sets forth the categories of damages that Plaintiffs seek and does not include any facts regarding actual damages." *Id*.

Second, Judge Aaron recommended that Plaintiffs' breach of contract claim be dismissed because they "have not plausibly alleged a breach of the Retainer Agreement based on CPA Gottlieb's purported refusal to attend trial" in the 2020 Action. *Id*. at 15. Judge Aaron noted that "Plaintiffs do not identify the contractual provision that they allege was breached by CPA Gottlieb's purported refusal to attend trial," and that the Retainer Agreement contains no such promise. *Id*. at 14; *see generally* Retainer Agreement. Indeed, the Retainer Agreement contemplates CPA Gottlieb's retention in connection with only "one of the prior litigations that predated the 2020 . . . Action in which Plaintiffs now allege that CPA Gottlieb refused to testify." R&R at 15; *see* Retainer Agreement at 1. And, as with Plaintiffs' damages allegations for their professional malpractice claim, Judge Aaron noted that Plaintiffs' conclusory allegations that they suffered significant damages from CPA Gottlieb's alleged breach are "insufficient to plausibly allege the element of damages." R&R at 15.

Third, Judge Aaron recommended that Plaintiffs' breach-of-fiduciary-duty claim be dismissed because they "have not alleged any facts that their relationship with CPA Gottlieb was grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions." *Id*. at 16 (citation omitted).

Finally, Judge Aaron recommended that Plaintiffs be granted leave to amend their complaint and directed them to "carefully . . . consider whether they can assert a good-faith claim" of "damages stemming from CPA Gottlieb's purported refusal to appear for trial" and

4

"whether they have a good faith basis to assert diversity jurisdiction in any amended pleading." *Id*. at 18–19.

## DISCUSSION

I. <u>Legal Standard</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).

When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, when a party "makes only conclusory or general objections, or simply reiterates the original arguments," the Court reviews the R&R "strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018), *aff'd*, 837 F. App'x 841 (2d Cir. 2021) (summary order); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) ("[W]here objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [motion], reviewing courts should review a report and recommendation for clear error." (citation omitted)). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.        <u>Plaintiffs' Objections</u>

Plaintiffs raise two objections to the R&R. *See* Objs. at 22–23. First, they object to the R&R's analysis of Defendants' motion under Rule 12(b)(6), arguing that Judge Aaron converted Defendants' motion to dismiss to a summary judgment motion during oral argument, and that the summary judgment standard should thus apply. *Id*. at 10, 19, 22. Not so. The R&R makes clear that, "[a]lthough during oral argument on [Defendants'] motion," Judge Aaron stated that he "would convert the motion to a motion for summary judgment," he determined, upon further review, "that doing so is not necessary or appropriate." R&R at 3 n.3. And, in the R&R, Judge Aaron declined to consider evidence that would effectively convert Defendants' motion to dismiss into a summary judgment motion. *See id*. at 3. To the contrary, Judge Aaron considered only "documents that are attached to the complaint, incorporated in it by reference, integral to the complaint, or the proper subject of judicial notice," in other words, material that courts may consider on a motion to dismiss. R&R at 2 (quoting *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020)). In light of Judge Aaron's determination that converting Defendants' motion to dismiss into a summary judgment motion was "not necessary or appropriate" and his refusal to consider evidence that would convert the Defendants' motion into a summary judgment motion, the Court overrules Plaintiffs' objection.

Second, Plaintiffs object to Judge Aaron's conclusion that their complaint fails to plausibly allege actual damages. Objs. at 22. Plaintiffs point the Court to the complaint's allegation that "[o]n or about February 28, 2022, [D]efendants stated that [CPA] Gottlieb's trial attendance required a $5,000.00 advance payment," and "a check for the requested sum drawn on the bank account of Christine Geswaldo was sent to [D]efendants by FedEx courier service, and promptly deposited by [D]efendants." *Id*. (quoting Compl. ¶ 20). The Court agrees with

Judge Aaron that this allegation, without more, is insufficient to plausibly plead damages for Plaintiffs' professional malpractice or breach of contract claims. Plaintiffs again point to no allegation in the complaint explaining "how the outcome [of the 2020 Action] would have been different with CPA Gottlieb's testimony" or how Plaintiffs otherwise suffered damages from CPA Gottlieb's purported refusal to appear at trial. R&R at 12.

The Court has considered all of Plaintiffs' objections. To the extent any are not expressly discussed herein, the Court has found that they are conclusory or otherwise represent an effort "to engage the district court in a rehashing of the same arguments set forth in the original [motion]." *Edwards*, 414 F. Supp. 2d at 347 (citation omitted). The Court has reviewed those objections, as well as the portions of the R&R to which Plaintiffs do not object, for clear error and finds none.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiffs' objections to the R&R and ADOPTS the R&R in full. The Clerk of Court is respectfully respected to terminate the motion at ECF No. 23.

By **March 31, 2025**, Plaintiffs may file their amended complaint, which must address the deficiencies articulated in the R&R and this Order. The amended complaint shall be accompanied by a redline or a description of the changes from the original complaint to the amended complaint, and a memorandum of law explaining how the amendments address the deficiencies described in the R&R and this Order.

SO ORDERED.

Dated: February 27, 2025
New York, New York

ANALISA TORRES
United States District Judge