UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINE GESWALDO and RACHEL
GESWALDO,

                       Plaintiffs,

        -against-

MARK S. GOTTLIEB, CPA, and
MARK S. GOTTLIEB, PC,

                      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/17/2026

24 Civ. 2543 (AT) (SDA)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

ANALISA TORRES, District Judge:

Plaintiffs Christine and Rachel Geswaldo bring this action against Mark S. Gottlieb, CPA ("CPA Gottlieb") and Mark S. Gottlieb, PC, asserting claims for professional malpractice and breach of contract arising out of CPA Gottlieb's role as an expert witness for Plaintiffs in a chancery action in New Jersey court regarding their brother's estate. *See* Am. Compl. ¶¶ 52–65, ECF No. 65. Defendants moved to dismiss Plaintiffs' amended complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Mot., ECF No. 68; *see also* Opp., ECF No. 69; Reply, ECF No. 72-1. On October 21, 2025, the Honorable Stewart D. Aaron issued a Report and Recommendation ("R&R") recommending that Defendants' motion to dismiss be granted in part and denied in part. *See generally* R&R, ECF No. 73. The R&R recommends dismissing Plaintiffs' (1) professional malpractice claim seeking damages from the outcome of the New Jersey action and (2) breach of contract claim. *Id.* at 19. However, the R&R recommends permitting Plaintiffs to proceed on their professional malpractice claim seeking damages for the $5,000 fee paid to CPA Gottlieb, subject to further briefing regarding whether that claim should proceed in this Court or in state court. *See id.* at 19; *see also* Objs., ECF No. 82; Resp. Objs., ECF No. 83.

For the reasons stated below, the Court OVERRULES Plaintiffs' objections to the R&R, ADOPTS the R&R in its entirety. In addition, the Court DISMISSES Plaintiffs' remaining state

law claim seeking $5,000 in damages for the fee paid to CPA Gottlieb.

## DISCUSSION[1]

### I.    Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

A proper objection to an R&R must be timely and specific. "In order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025) (quoting *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017)); *see id.* at 361 ("[A] litigant objecting to an R&R may not simply rest on the briefs considered by the magistrate judge; she must lodge a specific objection to some specific aspect of the R&R."). Additionally, "[a] proper objection generally may not raise new arguments not previously made before the magistrate judge." *Id.* at 359. When a party properly objects to an R&R, the district court reviews *de novo* those objections. *Id.* at 361.

---

[1] The Court presumes familiarity with the facts and procedural history of this action as detailed in the R&R, the first R&R on Defendants' first motion to dismiss, and the Court's order adopting that first R&R. R&R at 2–4; *see also* R&R I, ECF No. 51; Order I, ECF No. 58. Therefore, the Court does not summarize them here.

II.     Motion to Dismiss Standard

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth.  *Id*.  The Court must draw all reasonable inferences in the non-movant's favor.  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

"In considering a motion to dismiss for failure to state a claim, 'the district court is normally required to look only to the allegations on the face of the complaint.'"  *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).  However, the Court "may consider documents that 'are attached to the complaint,' 'incorporated in it by reference,' 'integral' to the complaint, or the proper subject of judicial notice."  *Id.* (quoting *Roth*, 489 F.3d at 509).

III.    Plaintiffs' Objections

Plaintiffs raise the following objections to the R&R.  First, Plaintiffs claim that Judge Aaron converted Defendants' motion from a Rule 12(b)(6) motion to a Rule 56 motion for summary judgment and that, therefore, the Rule 56 standard should apply.  *See* Objs. at 27. Second, Plaintiffs contend that they have plausibly alleged that Gottlieb's failure to testify caused actual damages beyond $5,000. *See id.* at 25–28.  The Court addresses each in turn.

The Court reviews *de novo* Plaintiffs' first objection and overrules it.  Plaintiffs argue that the summary judgment standard of review under Rule 56 should apply here because during oral argument on Defendants' first motion to dismiss, Judge Aaron stated, "I'll convert this to Rule

56." *See* Obj. at 10. However, Judge Aaron's statement was made during oral argument on Defendants' motion to dismiss Plaintiffs' *original complaint*, not the amended complaint as relevant here. *See* ECF No. 36. Since then, Defendants' first motion to dismiss was granted, and Plaintiffs subsequently amended their complaint. *See* Order I (adopting the first R&R and granting Defendants' first motion to dismiss). The instant R&R relates to Defendants' motion to dismiss the amended complaint, and Judge Aaron never indicated he would convert that motion to a summary judgment motion. The R&R, accordingly, states and applies the correct standard for a motion to dismiss, *see, e.g.*, R&R at 4–6, 10–13, and Plaintiffs' objection is plainly inapplicable to the R&R.[2]

The Court reviews *de novo* Plaintiffs' second objection and overrules it. Plaintiffs argue that their amended complaint plausibly alleges that CPA Gottlieb's failure to testify in the New Jersey action caused them actual damages in excess of the $5,000 retainer paid to Gottlieb. *See* Obj. at 15. But Plaintiffs' counterclaims in the New Jersey action were dismissed on statute of limitations and/or laches grounds. Plaintiffs' only argument is that "statute of limitations dismissal by the Chancery Division became viable because [CPA Gottlieb] failed to attend and testify." R&R at 9; *see* Am. Compl. ¶ 48.

Having reviewed the Chancery Court's decision in the New Jersey action, *see* NJ Decision, ECF No. 33, the Court rejects Plaintiffs' argument.[3] The Chancery Court did not find that Geswaldos' counterclaims were time barred because there was no evidence of alleged wrongdoing within the limitations period. Rather, the Chancery Court determined that three of the Geswaldos'

---

[2] When Plaintiffs raised this objection to Judge Aaron's first R&R, the Court overruled it. *See* Order I at 6.
[3] The Court takes judicial notice of the New Jersey state court decision at issue. *See Simeone v. T. Marzetti Co.*, No. 21 Civ. 9111, 2023 WL 2665444, at *2 (S.D.N.Y. Mar. 28, 2023) ("[C]ourts in the Second Circuit regularly take judicial notice of decisions and orders issued by other courts." (citations omitted)).

counterclaims "were barred by the [applicable] statute of limitations . . . because [the Geswaldos] had the ability, more than six . . . years before filing the action, to review [the underlying relevant] activities . . . and took no action." NJ Decision at 17. As to the two remaining counterclaims, the Chancery Court similarly found that because the Geswaldos "had access to" the relevant material underlying their counterclaims as early as 2002, "they could and should have reasonably discovered the actions of which they are now complaining" within the limitations period. *Id.* at 17–18. Given this basis for dismissal of the NJ action, Plaintiffs have not plausibly alleged that testimony from CPA Gottlieb—an accounting expert—could have brought Plaintiffs' counterclaims within the applicable statute of limitations.

Although Plaintiffs insist that questions related to causation and damages should be submitted to a jury, *see* Obj. at 25, dismissal is proper because Plaintiffs have not pleaded "factual content that [along with the NJ decision] allows the court to draw the reasonable inference" that CPA Gottlieb's failure to testify (whether in violation of professional standards or a contract) played any role in the dismissal of the Geswaldos' counterclaims in the New Jersey action. *Iqbal*, 556 U.S. at 678. Because Plaintiffs have not plausibly alleged that CPA Gottlieb's testimony could have rendered the New Jersey action viable, Plaintiffs' second objection is overruled.

To the extent that Plaintiffs have raised any other objections not expressly discussed herein, the Court finds that Plaintiffs have not objected "with sufficient specificity to alert the district court of the true ground for the objection." *Nambiar*, 158 F.4th at 359. Those objections, as well as the portions of the R&R to which Plaintiffs do not object, have been reviewed for clear error, and the Court finds none. *See id.*

IV.    Jurisdiction over Plaintiffs' Remaining Claim

The parties agree that the Court should dismiss any remaining state law claim seeking recovery of the $5,000 in damages for the fee paid to CPA Gottlieb as a trial retainer. *See* Obj. at 28–29; Resp. Obj. at 8; *see also* 8 U.S.C. § 1332(a); *Perrone v. Amato*, No. 09 Civ. 0316, 2010 WL 11629624, at *3 (E.D.N.Y. Aug. 30, 2010) ("[W]here it appears 'to a legal certainty' that the alleged claim is in actuality for less than $75,000, . . . a court may dismiss an action for not meeting the jurisdictional amount." (citation omitted)). Such a claim is dismissed without prejudice to refiling in state court.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiffs' objections to the R&R and ADOPTS the R&R in full. In addition, the Court DISMISSES the remaining state law claim seeking $5,000 in damages for the fee paid to CPA Gottlieb. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: February 17, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge

6